UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| **Patricia Sperow, Individually and as Personal Representative of the Estate of Dr. Clifford Sperow**<br><br>　　　　**Plaintiffs,**<br><br>　　v.<br><br>**HCR ManorCare Inc.**<br>333 N. Summit St.<br>Toledo, OH 43604<br><br>　　and<br><br>**HCR IV Healthcare, LLC**<br>333 N. Summit St.<br>Toledo, OH 43604<br><br>　　and<br><br>**Heartland of Martinsburg WV, LLC**<br>c/o CT Corporation System<br>5400 D Big Tyler Road<br>Charleston, WV, 25313<br><br>　　　　**Defendants.** | **COMPLAINT** |

　　　COMES NOW the Plaintiff, Patricia Sperow, as Personal Representative of the Estate of Dr. Clifford Sperow, by and through counsel, and for her Complaint, alleges and avers as follows:

**PARTIES**

　　　1.　　Plaintiff Patricia Sperow, individually and as Personal Representative of the

1

Estate of Dr. Clifford Sperow, is the widow of Dr. Clifford Sperow, decedent. Dr. Sperow was a resident of Berkeley County, West Virginia.

2. Defendant HCR ManorCare, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principle place of business in Toledo, Ohio. Defendant HRC ManorCare Inc. is the owner and/or controls Heartland of Martinsburg WV, LLC, an assisted living facility in Martinsburg, WV.

3. Defendant HCR IV Healthcare, LLC is a corporation organized and existing under the laws of the State of Ohio with its principle place of business in Toledo, Ohio. Defendant HCR IV Healthcare, LLC is the owner and/or controls Heartland of Martinsburg WV, LLC, an assisted living facility in Martinsburg, WV.

4. Defendant Heartland of Martinsburg WV, LLC is a corporation organized and existing under the laws of the State of Ohio with its principle place of business in Toledo, Ohio and runs an assisted living facility in Martinsburg, WV.  Defendants will be collectively referred to as the "Heartland Defendants."

5. This court has subject matter jurisdiction over the dispute between Plaintiffs and Defendants pursuant to 28 U.S.C. § 1332(a)(1) because the dispute is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

6. Venue is proper under 28 U.S.C. § 1391.

## COMMON ALLEGATIONS OF FACT

7. On May 21, 2015, Dr. Clifford Sperow was admitted to Heartland of Martinsburg, WV. He had been discharged from Williamsport Nursing Home in Williamsport, Maryland.

8. At admission Dr. Sperow was prescribed medications based on notes faxed over

to him by Williamsport Nursing Home. The list did not contain any printed patient identifying information.  At the top of the list someone had written in Dr. Sperow's name by hand.

9. Agents of the Defendants knowingly prescribed medications on the list—despite being told by Dr. Sperow's family and others that the medications on the Williamsport Nursing Home list were inappropriate for Dr. Sperow.

10. Dr. Sperow was also at risk for falling.

11. Despite being actually aware of his fall risk, Dr. Sperow was permitted to fall at least four times in thirty days: on June 6, 2015, June 8, 2015; June 14, 2015; and on June 17, 2015.

12. At all times relevant, the Heartland Defendants had access to chair and bed alarms for patients at a fall risk.

13. No fall interventions were put in place after Dr. Sperow fell on June 6, 2015, June 8, 2015; June 14, 2015; and on June 17, 2015.

## COUNT ONE
## MEDICAL MALPRACTICE

14. All preceding paragraphs are incorporated by reference as if fully set forth herein.

15. The Heartland Defendants, through their agents, servants, and employees, as a health care provider, had a duty to:

   a. Use their best judgment in the treatment and care of their patient;

   b. Use reasonable care and diligence in the application of their knowledge and skill to their patient's care;

   c. Provide health care in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in the same or similar communities at the time that health care is rendered.

16. The Heartland Defendants, through the acts and/or omissions of their agents, servants, and employees, breached their duty in the treatment of Dr. Sperow in at least the following ways:

   a. Failing to take necessary precautions to prevent and/or reduce the risk of falls for Dr. Sperow who was at a known risk for falls, including but not limited to failing to monitor and supervise him; failing to provide him with assistance; failing to use a chair alarm; failing to use a bed alarm; failing to place Dr. Sperow's bed in the lowest position to reduce the severity of falls; and failing to pad the area around his bed in case of a fall;

   b. Failing to utilize bed and chair alarms on-site with a patient with a well-documented fall risk;

   c. Failing to employ any aforementioned fall interventions after each and every documented fall on June 6, 2015, June 8, 2015; June 14, 2015; and on June 17, 2015;

   d. Failing to prescribe the proper medication to Dr. Sperow upon admission.

17. The aforementioned acts and failures of the Defendants, which are the proximate cause of Dr. Sperow's injuries and death, were grossly negligent and committed with a conscious and reckless disregard and indifference for his rights, welfare, safety, and well-being.

18. As a direct, foreseeable, and proximate result of the negligence of the Defendants, Dr. Sperow suffered greatly of mind and body, resulting in pain and eventual death, for which his estate demands relief.

## COUNT TWO
## NEGLIGENCE

19. All preceding paragraphs are incorporated by reference as if fully set forth herein.

20. At all times relevant, Defendants provided healthcare services to Dr. Sperow through its agents, servants, and/or employees.

21. At all times relevant, Defendants owed a duty of due care to its resident, Dr. Sperow to:

   a. Use ordinary care;

   b. Use their best judgment in the treatment and care of their patient;

   c. Use reasonable care and diligence in the application of their knowledge and skill to their patient's care;

22. At all times relevant, Defendants were aware that Dr. Sperow had serious health conditions and was at a very serious fall risk and had in fact fallen at least four times within a 30 day period in the Defendant's facility. Dr. Sperow was at the Defendants' facility for the purpose of being protected from falls, among other care needs.

23. Defendants, through the acts and/or omissions of their agents, servants, and employees, breached its duty in the treatment of Dr. Sperow in at least the following ways:

   a. Allowing Dr. Sperow to suffer a pattern of repeated falls while in Defendant's care over the course of a 30-day period when he was at a known risk for falls;

   b. Failing to take necessary precautions to prevent and/or reduce the risk of falls for Dr. Sperow who was at a known risk for falls, including but not limited to failing to use a chair alarm; failing to use a bed alarm; failing to place Dr. Sperow's bed in the lowest position to reduce the severity of falls; and failing to pad the area around his bed in case of a fall;

   c. Failing to utilize bed and chair alarms on site on a patient with a well-documented fall risk;

   d. Failing to take necessary precautions to prevent and/or reduce the risk of falls with the aforementioned interventions after each and every fall suffered in June 2016; and

   e. Failing to otherwise properly care for Dr. Sperow.

24.     Defendants' failures with regard to the care of Dr. Sperow are of such an ordinary nature as to be understood by a jury with or without expert testimony. Defendants' failures are breaches of duty of ordinary care and do not require analysis through the perspective of medical malpractice law.

25.     As a direct, foreseeable, and proximate result of the ordinary negligence of Defendants, Dr. Sperow suffered and eventually died, for which his estate demands relief.

WHEREFORE, Plaintiff respectfully prays the Court:

1.     For judgment against the Defendant, for compensatory damages in an amount exceeding seventy-five thousand dollars ($75,000) that will fully compensate for all the losses and damages Plaintiff has suffered and will suffer in the future as allowed by the applicable law;

2.     For an award of all pre-judgment and post-judgment interest allowed by law;

3.     For attorney's fees;

4.     For a trial by jury;

5.     And all other relief deemed just and proper by this Court.

This the 19th day of May, 2017.

Respectfully submitted,

       */s/ Amanda C. Dure*
Amanda C. Dure
Maryland Federal Bar No. 19857
PANGIA LAW GROUP
1717 N Street NW
Washington, D.C. 20036
P: (202) 955-6153
F: (202) 393-1725
adure@pangialaw.com


       */s/ Douglas P. Desjardins*
Douglas P. Desjardins

6

Maryland Federal Bar No. 13625
PANGIA LAW GROUP
1717 N Street NW
Washington, D.C. 20036
P: (202) 638-5300
F: (202) 393-1725
dpd@pangialaw.com
